PER CURIAM.
This case is before the Court for consideration of the uncontested referee’s report in two consolidated disciplinary proceedings brought by The Florida Bar. In response to the complaints of the Bar, attorney Joseph J. Titone filed a conditional guilty plea. The Florida Bar agreed to a consent judgment. The referee accepted the plea and found the facts to be as follows:

Case No. 71,699

2.In or about March 1985 Respondent was retained on a contingency fee basis, by Donald T. Swinarski in the cause styled Donald T. Swinarski, Plaintiff, vs. Broward County Sheriff's Department, et al, Defendants, Case No. 83-2208 CH.
3. Respondent received notice that opposing counsel had filed a Motion for Summary Judgment and scheduled same for hearing on July 23, 1986. This hearing was cancelled and reset for August 28, 1986.
4. Respondent did not appear at the August 28, 1986 hearing on the Defendant’s Motion for Summary Judgment.
5. The Honorable Robert Lance Andrews granted Defendant’s Motion for Summary Judgment without prejudice.
6. Respondent received a copy of the Order granting the Defendant’s Motion for Summary Judgment without prejudice.
7. Respondent failed to inform his client of this Order and its repercussions.
8. Respondent failed to move to set aside the Order granting the Motion for Summary Judgment without prejudice.
9. The Plaintiff in the civil action, Donald T. Swinarski, chose not to proceed with his lawsuit when he was advised by another lawyer he consulted that he would not take the case on a contingency basis.

Case No. 71,182

1. Respondent was retained to represent Eugene Lamar Mitchell in the matter of State of Florida vs. Eugene Lamar Mitchell, Case No. 86-143-CF, on the charge of possession of cocaine, in Leon County, Florida.
2. Respondent was paid the sum of Three Thousand Dollars ($3,000.00) for his representation in this matter plus he was to be paid costs of travel and other costs.
3. Respondent thoroughly investigated this matter and determined that it would be in his client’s best interest to plead guilty as charged notwithstanding the State’s refusal to enter into a negotiated plea.
*823 4. Accordingly, Respondent appeared with his client before the Honorable John W. Peach, Circuit Judge of the Third Judicial Circuit, on December 8,1986 and entered a plea of guilty on behalf of his client.
5. Judge Peach engaged in the standard plea colloquy with the defendant and satisfied himself that the plea was voluntarily and intelligently made and, therefore, accepted same.
6. The defendant had waived the pre-sentence investigation since he had been incarcerated since on or about August 1, 1986.
7. Judge Peach stated on the record that he was prepared to impose a sentence of probation whereupon the State indicated that they were going to recommend a departure from the sentencing guidelines.
8. Judge Peach then determined he would have to put the matter over until he obtained the pre-sentence investigation report.
9. The client could not make his bond so he continued to be incarcerated.
10. The client’s wife could not afford to pay for the additional travel expenses that would be incurred were Respondent to appear for sentencing.
11. As a consequence of Respondent’s perception that the client was not abiding by the fee agreement, no preparation was done for the sentencing hearing.
12. Respondent filed a Motion to Withdraw and noticed same for January 30, 1987, the date the client was scheduled to be sentenced.
13. Respondent had placed upon his notice the notation that he would not be appearing and the State Attorney had no objection to the Motion to Withdraw.
14. In point of fact, the Assistant State Attorney handling the matter had taken the position that he had no position — that such matters were between defense counsel, his client and the court.
15. Respondent did not serve a copy of his Motion to Withdraw on his client in jail, but mailed a copy to his client’s residence. Respondent did not appear for the sentencing.
16. The client was given the option of having his sentence put over and re-noticing Respondent to appear. The client chose to proceed and since Judge Peach found him to be indigent, the Public Defender’s office was appointed to represent him.
17. The Court imposed a sentence of probation, a special condition of said probation being the time served in the County Jail, fifty (50) hours community service, a One Thousand Dollar ($1,000.00) fine and Two Hundred Dollars ($200.00) costs.
18. A complaint was filed with The Florida Bar by the client’s wife alleging Respondent was paid a fee of Three Thousand Dollars ($3,000.00) but failed to appear at the sentencing.
19. Respondent in reply to the Bar’s inquiry on the aforesaid complaint, by his letter dated March 11, 1987, stated that he had moved to withdraw from the case and this motion was granted.
20. Respondent recognizes that he was not precise in his use of language in both his response to the Bar and the Notice on the Motion to Withdraw and for this he apologizes. There was no intent to deceive.
21. Respondent had learned of the ultimate disposition of the client’s case and believed that the appointment of the Public Defender’s office at sentencing constituted a de facto granting of his motion to withdraw. Respondent also believed that the State’s neutral position on the Motion to Withdraw constituted acquiescence.
22. Respondent recognizes that it was incumbent upon him to provide the client with a copy of the Motion to Withdraw, notice the motion for hearing and then continue representation until leave of court to withdraw was obtained.
In Case No. 71,699, the referee recommended that respondent be found guilty of violating the former Code of Professional Responsibility, Disciplinary Rules 6-101(A)(2) (handling a legal matter without *824 adequate preparation) and 6-101(A)(3) (neglecting a legal matter).
In Case No. 71,182, the referee recommended that respondent be found guilty of violating the following provisions of the Rules of Professional Conduct (Chapter Four of the Rules Regulating The Florida Bar): Rule 4-1.1 (failure to provide competent representation), Rule 4-1.3 (failure to act with reasonable diligence and promptness), Rule 4-1.4(a) (failure to provide client information), Rule 4-1.4(b) (failure to explain legal matters to client), Rule 4-1.-16(d) (failure to protect clients’ interests upon termination of representation), Rule 4-3.4(c) (disobeying an obligation under the rules of a tribunal), Rule 4-8.1(a) (knowingly making a false statement in connection with a disciplinary matter), and Rule 4-8.-4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation).
Pursuant to the respondent’s guilty plea, the referee recommends that respondent be given a public reprimand by personal appearance before the Board of Governors of The Florida Bar, that he be required to pay restitution to Eugene Lamar Mitchell in the amount of $3,000.00, and that he be placed on probation for three years. We approve the referee’s report. Joseph J. Titone shall receive a public reprimand by personal appearance before the Board of Governors and shall be placed on probation for three years under the following conditions recommended by the referee:
A. Supervision by an attorney chosen by The Florida Bar.
B. Monthly meetings to be held with the supervising attorney with submission at each meeting of a written report from Respondent setting forth the status and future action to be taken on all open files. Copies of said status reports shall be furnished to the Fort Lauderdale and Tallahassee offices of The Florida Bar.
C. The supervising attorney will report to The Florida Bar any failure by Respondent to abide by the terms and conditions of probation.
D. A failure to comply with all terms and conditions of probation shall result in termination of probation as provided in Rule 3-5.1(c), Rules of Discipline.
E. That a finding of probable cause of misconduct committed during the period of probation shall terminate the probation in these cases and that Respondent shall then receive a ten (10) day suspension regarding the cases in this consent judgment.
F. Respondent shall take and pass an ethics course at an American Bar Association approved law school.
The costs of these proceedings are taxed against the respondent. Judgment for costs in the amount of $1,257.00 is entered against Joseph J. Titone, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ„ concur.